IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ATLAS AIR, INC., <br>                           Plaintiff, <br><br> v. <br><br> BISKAY HOLDINGS LLC d/b/a COMMERCIAL AIRCRAFT EQUIPMENT & TECH, <br>                           Defendant. | Civil Action No.  3:17-cv-1980 <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Plaintiff Atlas Air, Inc. ("Atlas" or "Plaintiff"), by and through its undersigned attorneys, brings this action for damages in excess of $238,500 resulting from a contract breach by defendant Biskay Holdings LLC d.b.a Commercial Aircraft Equipment & Tech ("Biskay" or "Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1.  This case arises from Biskay's failure to deliver 300 full size FAA-compliant galley carts for use in airplanes (the "Carts"), pursuant to an oral contract with Atlas (the "Agreement"). Pursuant to the Agreement, Biskay issued an invoice to Atlas on April 28, 2015 (the "Invoice," a copy of which is attached hereto as Exhibit A), which shows an order of 300 Carts at $795 each, totaling $238,500 (the "Invoice Amount"), and a shipment date of August 25, 2015.  Upon receiving the Invoice, Atlas promptly paid the full Invoice Amount, and Defendant accepted the payment.  To date, Defendant has not delivered the Carts.

**THE PARTIES**

2.  Plaintiff Atlas is a global provider of outsourced aircraft and aviation operating solutions.  It is a Delaware corporation having its principal place of business at 2000 Westchester Avenue, Purchase, New York 10577.

3. Defendant Biskay is an aircraft passenger service equipment manufacturer. It is a limited liability company registered in Texas with its principal place of business at 10490 Markison Road, Dallas, Texas 75238. Biskay conducts business under several names, including Commercial Aircraft Equipment & Tech.

## JURISDICTION AND VENUE

4. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because it arises between a citizen of the States of New York and Delaware and a citizen of the State of Texas, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. Prior to April 28, 2015, Biskay and Atlas entered into the Agreement in which Biskay agreed to sell the Carts to Atlas for $238,500.

7. On April 28, 2015, pursuant to the Agreement, Biskay sent the Invoice to Atlas, describing the Carts, the price per item, the Invoice Amount, and the anticipated shipment date. (Exhibit A.)

8. On June 9, 2015, Atlas paid the full Invoice Amount by wire transfer (confirmation of which is attached hereto as Exhibit B). Defendant accepted payment of the Invoice Amount.

9. In early 2016, Biskay delivered a shipment of just over half the contracted-for number (160) of carts to an Atlas facility in Baltimore, Maryland. These carts were not FAA-compliant. Atlas therefore informed Biskay of this defect, Biskay agreed, and Atlas returned all of these carts to Biskay.

10. Despite repeated requests, Atlas to this day has not received a single acceptable cart pursuant to the terms of the Agreement.  Finally, on June 22, 2017, Atlas sent a letter to Biskay demanding information on the status of the carts (a copy of which is attached hereto as Exhibit C).  Biskay has not responded.

**FIRST CAUSE OF ACTION**
**(BREACH OF THE AGREEMENT)**

11.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 10 above as if fully set forth herein.

12.     The Agreement is a valid agreement entered into by and between Plaintiff and Biskay.

13.     Plaintiff fully performed its obligations under the Agreement by paying the Invoice Amount.

14.     Biskay breached the terms of the Agreement by failing to deliver the Carts to Plaintiff.

15.     As a direct and proximate cause of these breaches of contract, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $238,500, plus interest, late fees, and costs.   There are no applicable offsets, credits, or payments applicable to the damages sought herein

**SECOND CAUSE OF ACTION**
**(UNJUST ENRICHMENT)**

16.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 15 above as if fully set forth herein.

17.     As an alternative to the breach of the agreement cause of action listed above, Plaintiff hereby alleges a cause of action for unjust enrichment against Defendant.

18. Defendant obtained a benefit from Plaintiff in the amount of $238,500 when Plaintiff paid the Invoice Amount due for the Carts.

19. Defendant has obtained an undue advantage by accepting the Invoice Amount from Plaintiff, despite its failure to deliver the Carts to Plaintiff.

20. Defendant would be unjustly enriched if it retained the benefit of the Invoice Amount, despite its failure to deliver the Carts to Plaintiff.

### THIRD CAUSE OF ACTION
### (RESTITUTION)

21. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 20 above as if fully set forth herein.

22. As an alternative to the breach of the agreement cause of action listed above, Plaintiff hereby alleges a cause of action for restitution against Defendant.

23. Defendant was unjustly enriched when it accepted Plaintiff's payment of the Invoice Amount, without providing the Carts to Plaintiff.

24. It would be unconscionable for the Defendant to retain the benefit of the Invoice Amount, while still failing to provide the Carts to Plaintiff.

### FOURTH CAUSE OF ACTION
### (FOR MONEY HAD AND RECEIVED)

25. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 24 above as if fully set forth herein.

26. As an alternative to the breach of the agreement cause of action listed above, Plaintiff hereby alleges a cause of action for money had and received against Defendant.

27. Plaintiff promptly paid the Invoice Amount to Defendant on June 9, 2015, in consideration for the Carts.

28.     Having not received the Carts, the Invoice Amount is being held by Defendant but belongs to Plaintiff in equity and good conscience.

29.     Defendant would be unjustly enriched if permitted to keep the Invoice Amount, despite its failure to provide the Carts.

### PRAYER

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.  Awarding Plaintiff damages in an amount to be proven at trial but not less than $238,500 plus applicable interest, late fees and/or costs;

B.  Awarding Plaintiff its attorneys' fees, costs and disbursements in prosecuting this action; and

C.  Awarding Plaintiff such other and further relief as the Court finds just and proper.

Dated:  Dallas, Texas
        July 26, 2017

                                        By:   /s/ Joe W. Tomaselli, Jr.
                                              Joe W. Tomaselli, Jr.
                                              Texas Bar No. 24003064
                                              GOLDMAN ISMAIL TOMASELLI
                                              BRENNAN & BAUM LLP
                                              3131 Turtle Creek, Suite 1210
                                              Dallas, TX  75219
                                              Tel.:  214-880-9900
                                              Fax:  214-880-9901
                                              jtomaselli@goldmanismail.com

                                              Attorneys for Plaintiff

Of Counsel:
James C. Fitzpatrick
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Tel.:  212-837-6000
Fax: 212-422-4726
*Pro Hac Vice Motion to be Filed*

5